OPINION
Defendant-appellant Nathan Gibson appeals the July 31, 2001 Judgment Entry of the Licking County Court of Common Pleas, which found him guilty of robbery and sentenced him accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 26, 2001, appellant, acting with two other individuals, entered the home of Troy Frenton and Thomas Kosto. While in the residence, appellant's co-defendants produced a BB gun or pellet gun and demanded the residents to surrender their wallets and money. Appellant conceded his co-defendants pointed the gun at the victims, making verbal and physical threats of physical harm to the victims if they chose to resist. Appellant was apprehended and admitted his involvement in the robbery.
In a complaint filed March 26, 2001, the Licking County Prosecutor's Office alleged Nathan Gibson, born October 11, 1983, was a delinquent child due to his participation in the aforementioned robbery.
Also on March 26, 2001, the State filed its motion for a bindover, asking the juvenile court to relinquish jurisdiction for the purposes of criminal prosecution of appellant pursuant to Juv. R. 30 and R.C. 2151.26.
The matter proceeded to a hearing on April 6, 2001. Based upon the evidence presented, the trial court found there was probable cause to believe appellant committed the act charged, i.e., one count of aggravated robbery, which would constitute a felony of the first degree if committed by an adult, in violation of R.C. 2911.01(A)(1). Accordingly, the trial court continued the proceeding for full investigation and for an amenability hearing pursuant to Juv. R. 30(C) and R.C. 2151.26(C). The trial court also ordered the court appointed psychologist to conduct a mental examination of appellant pursuant to Juv. R. 32(A)(2).
At the amenability hearing on June 1, 2001, the State presented the testimony of Kandy Humphrey, the Chief of the Licking County Probation Department, and Dr. Cecil Miller, the psychologist who conducted the psychological examination of appellant. After hearing the evidence, the trial court found appellant was not amenable to care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children. In making this finding, the trial court considered the factors set forth under R.C. 2151.26(C), and appellant's felony aggravated robbery charge. The trial court noted appellant had numerous prior adjudications of delinquency and probation violations including offenses of violence.
The trial court also noted the Ohio Department of Youth Services had been unsuccessful in rehabilitating appellant on his previous commitments, notwithstanding the fact appellant had been provided substantial services. The trial court noted appellant had a poor school record with a cumulative grade point average of 1.36911. At the time of the hearing, appellant had not attended high school for nine months. Even when in high school, appellant had attendance problems.[1] In the 2000 school year, appellant was enrolled at Newark High School for less than five weeks, during which time he was disciplined for tardiness and school disruption. The trial court also noted appellant had been a habitual behavioral problem in the community, and his parole or after care with the Ohio Department of Youth Services had not been successful.
The trial court further noted appellant is the father of a three or four year old child, but had not married the child's mother. The trial court noted appellant had little insight into his behavior and tended to project blame onto others. After considering the social history prepared by the court's probation department and the mental evaluation, the trial court concluded it was appropriate to transfer the case to the General Division for an adult felony prosecution. Accordingly, the trial court transferred the complaint to the Licking County Court of Common Pleas, and set bond for appellant finding him to be a flight risk.
On June 7, 2001, appellant was indicted with one count of robbery, in violation of R.C. 2911.02(A)(2), a felony of the second degree. At his arraignment, appellant entered a plea of not guilty. On July 31, 2001, appellant appeared before the court and withdrew his previously entered plea and entered a plea of no contest to the indicted charge. The trial court accepted appellant's plea and the statement of facts presented by the State. Thereafter, in a July 31, 2001 Judgment Entry, the trial court found appellant guilty of aggravated robbery and sentenced appellant to a period of two years incarceration.
It is from this judgment entry appellant prosecutes this appeal, assigning the following error:
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN BINDING THE DEFENDANT-APPELLANT OVER TO THE ADULT COURT TO DISPOSE OF THE INSTANT MATTER.
 I
In appellant's sole assignment of error, he maintains the trial court abused its discretion in binding appellant over to the adult court. Appellant concedes the procedural requirements dictated by Juv. R. 30 were satisfied. However, appellant maintains the trial court abused its discretion in binding the matter over under R.C. 2151. We disagree.
In his brief, appellant maintains R.C. 2152.12(C) required the trial court to determine the child was not amenable to care or rehabilitation in any facility for delinquent children before making the decision to transfer appellant to the general division. Specifically, appellant contends the record demonstrates no reasonable jurist could reach such a conclusion. Appellant argues he had previously been held in a juvenile detention facility and had done well in the facility. In fact, appellant maintains he did so well, he was granted an early release from detention. Appellant contends there is nothing in the record which would cause a reasonable jurist to conclude that such a facility would fail to further care for him, or that he was no longer amenable to further treatment at a facility. We disagree.
As noted in our Statement of the Case and Facts, supra, the trial court concluded bind over was appropriate after detailing an extensive list of reasons which established appellant had not been amenable to care and rehabilitation in previous juvenile detention facilities. Accordingly, we find no abuse of discretion in the trial court's decision to bind appellant over to the General Division.
Appellant's sole assignment of error is overruled.
The July 31, 2001 Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division, is affirmed.
By: HOFFMAN, P.J., GWIN, J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the July 31, 2001 Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
[1] For example, in the 1997 school year, 32.5 days absent; 1998, 51.5 days absent; 1999, 11 days absent.